IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ARTHUR EARL THOMPSON, #159312,  :

    Plaintiff,                    :

vs.                                 :   CIVIL ACTION 12-0086-KD-M

WARDEN PATTERSON, *et al.*,         :

    Defendants.                  :


REPORT AND RECOMMENDATION


This § 1983 action, filed by an Alabama prisoner inmate proceeding *pro se*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action.  After Plaintiff filed his claims and Motion to Proceed Without Prepayment of Fees on the Court's current forms, Plaintiff's Motion was granted (Doc. 6) and the Court screened his Amended Complaint.  (Doc. 4).  During the screening of the Amended Complaint, the Court discovered that this action is subject to provisions of 28 U.S.C. § 1915(g).[1]  Thus, the

---

[1] The Court notes that Plaintiff did not list any prior actions when the complaint form requested this information (Doc. 1 at 2, Doc. 4 at 3) and that he signed the Complaint and Amended Complaint under penalty of perjury.  (Doc. 1 at 7, Doc. 4 at 9).  The failure to list prior cases is considered sanctionable conduct warranting the dismissal of an action for an abuse of process and counting the dismissal as a strike. *Hill v. Bishop,* No. CA 11-0620-WS-C, 2012 WL 1698382, at *2-*3 (S.D. (Continued)

grant of *in forma pauperis* status is being revoked by separate order. Accordingly, it is recommended that this action be dismissed without prejudice under 28 U.S.C. § 1915(g) for the reasons noted below.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin,* 144 F.3d 719 (11th Cir.

---

Ala. Apr. 12, 2012) (reviewing prisoner cases that were dismissed as a sanction for plaintiff's failure to list his prior cases because the plaintiff's failure was an abuse of process).

2

1998), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 215-16 (2007).

After reviewing the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama, the Court discovered that Plaintiff had at least three actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, namely, *Thompson v. Campbell,* CA 03-1953-WMA (N.D. Ala. July 27, 2005); *Thompson v. Campbell,* CA 04- 2837-WMA (N.D. Ala. June 30, 2005), *appeal dismissed as frivolous* (11th Cir. Nov. 15, 2005); and *Thompson v. Huntly,* CA 05-2030-RBP-RRA (N.D. Ala. Nov. 29, 2005).  Thus, the present action comes within the scope of 28 U.S.C. § 1915(g).

In order to avoid the dismissal of the present action under § 1915(g), Plaintiff must satisfy its exception, which requires that he show that he was "under imminent danger of serious physical injury" at the time of the complaint's filing.  *See Adbul-Akabar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied*, 533 U.S. 953 (2001); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under

3

section 1915(g)"); *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent danger of serious physical injury faced must be at the time the complaint is filed, not at a prior time).

In reviewing the Amended Complaint's allegations (Doc. 4), which are consistent with the allegations of the original Complaint received by the Court on February 14, 2012, the Court does not discern a claim showing that Plaintiff was "under imminent danger of serious physical injury" at the time he filed the Complaint.  Plaintiff, who is incarcerated at Holman Correctional Facility, begins the Amended Complaint by stating "All the Defendants in their individual capacity violated [his] constitutional rights by subject[ing] [him] to: cruel and unusual punishment, excessive punishment, double jeopardy violation health and safety violations, abuse of authority, false imprisonment, due process violation, deliberate . . . indifferen[ce] to a serious medical need."  (Doc. 4 at 4).

Plaintiff proceeds to allege that on December 13, 2011, he was arrested for a rule violation for indecent exposure/exhibitionism and placed in administrative segregation. (Doc. 4 at 6).  On December 26, 2011, Plaintiff was found guilty of the charge and was sentenced to forty-five days in disciplinary segregation and to forty-five days loss of store, phone, and visitation privileges.  (*Id.* at 6).  The disciplinary

4

and sentence were approved. (*Id.*). Plaintiff complains about the length of time that he has been housed in a single-man cell in administrative segregation and then in disciplinary segregation, claiming that he has been in segregation for over eighty-two days on a "non-reclass" disciplinary, which is over the forty-five day period allowed by Regulation 403 and United States Constitution. (*Id.* at 6-7). Plaintiff also advises that on January 23, 2012, he received notice that his restriction would end on March 5, 2012. (*Id.*). Additionally, he charges supervisory officials with failure to train officials on how to make an arrest on a "non-reclass" disciplinary and with having a custom or policy that allowed this practice to continue. (*Id.* at 7-8). Furthermore, Plaintiff's specific claim against each Defendant in Section III is focused on the fact that he was placed in administrative segregation on December 13, 2011, and in the general description of his claims, he refers only to a specific Defendant in regard to his placement in segregation and to his disciplinary proceedings. (*Id.* at 9-11).

In addition to his claims based on the procedural aspects of his segregation confinement, Plaintiff complains about the conditions of the administrative segregation cell in which he was placed on December 13, 2011. (*Id.* at 5). The sink area had dried toothpaste, and the toilet area had dried feces caked inside the toilet and smeared on the walls and on the tray door

5

where food is placed.  (*Id.*).  Because the cell was used to house mentally-ill inmates, human waste remained in the toilet most of the day except for the one hour during which the toilet was functional.  (*Id.*).  The cell's location, around mentally-ill inmates who banged and kicked cell doors, caused Plaintiff to lose sleep.  (*Id.*).  The shower area, which always flooded, presented a hazard to him due to his diabetes and heart condition.  (*Id.*).  For relief, Plaintiff seeks compensatory and punitive damages and a preliminary injunction.  (*Id.* at 12).

In assessing if a plaintiff is under imminent danger of serious physical injury, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).  A plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient."  *Ball v. Allen*, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (unpublished) (citations and quotation marks omitted) (Granade, C.J.).  Furthermore, the allegations must demonstrate that at the time the complaint was filed the danger existed.  *Id.* at *2.

To determine when this action was filed, the Court examined Plaintiff's initial filings because a prisoner's pleading is

6

deemed filed when he delivers it "to the prison authorities for forwarding to the court clerk."  *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988); *see Vanderberg v. Donaldson,* 259 F.3d 1321, 1325 n.4 (11th Cir. 2001) (applying *Houston v. Lack* to a variety of actions), *cert. denied*, 535 U.S. 976 (2002).  Plaintiff's original Complaint does not show the date it was signed.  Whereas, Plaintiff's original Motion to Proceed Without Prepayment of Fees was completed by an official on January 31, 2012 (Doc. 2 at 4), the postmark on the envelope was dated February 13, 2012 (Doc. 1 at 8), and the Court received the original Complaint on February 14, 2012 (Doc. 1).  Thus, the original Complaint was filed between January 31, 2012, and February 13, 2012.

At the time Plaintiff filed this action, he had been in a single cell since December 23, 2011.  No injury was alleged to have occurred to him during that time.  Nor has Plaintiff alleged a future, anticipated injury.  Plaintiff, however, did make a general allegation that the shower area floods which has the potential to cause injury to him because he is a diabetic and has heart condition.  No other details are provided that an injury was imminent or that the injury would be serious.  Plaintiff further alleges that he could not sleep due to the noise, but he does not relate any injury connected to this allegation.  And Plaintiff mentions that he wants compensatory

7

and punitive damages for his "mental anguish, etc." (*Id.* at 12). Mental anguish is not a serious physical injury, however. *Weidow v. Crist,* No. 3:07cv515/MCR/EMT, 2007 WL 4570569, at *2 (N.D. Fla. 2007) (a request for "compensatory damages for only mental and emotional injury, not for any physical injury, suggests that [the prisoner] did not suffer serious physical injury as a result of any abuse he suffered"). No other injury can be discerned by the Court as being advanced by Plaintiff. Considering that the Court is limited to these allegations, which are not detailed, to find an imminent danger of a serious physical injury, the Court finds that Plaintiff failed to demonstrate that he was confronted by the imminent danger of serious physical injury at the time the Complaint was filed.

Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $350 filing fee at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice. *Dupree,* 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he *initiates* the suit"); *Vanderberg*, 259 F.3d at 1324 (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed.R.Civ.P. 72(b)(2).

9

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable where proceedings tape recorded).* Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 11th day of July, 2012.

                                          s/BERT W. MILLING, JR._____
                                          UNITED STATES MAGISTRATE JUDGE